UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-9857-KK** | Date: | January 7, 2025 |
| Title: | *In Re Edgar Augusto Meinhardt Iturbe* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order AFFIRMING the Bankruptcy Court's November 9, 2023 Order Remanding and Dismissing the Adversary Proceeding

## I.
## INTRODUCTION

On November 20, 2023, pro se debtor and appellant Edgar Augusto Meinhardt Iturbe ("Appellant") filed a Notice of Appeal of a November 9, 2023 Order ("Order") issued by the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), in Meinhardt, et al. v. Sunny Acre LLC, et al., Case No. 9:23-ap-1013-RC ("Adversary Proceeding"). ECF Docket No. ("Dkt.") 1. The Adversary Proceeding arises from the April 11, 2023 removal of claims from Appellant's 2020 action in Los Angeles Superior Court, Meinhardt, et al. v. Sunny Acre LLC, et al., Case No. 20-SMCV-00492 ("2020 Superior Court Action") to the Bankruptcy Court. Id. The Order dismissed the Adversary Proceeding and remanded it to state court. Dkts. 1, 20.

On December 26, 2023, the Court received notice the bankruptcy record was complete. Dkt. 12. On March 11, 2024, Appellant filed his Opening Brief arguing the Bankruptcy Court erred by remanding and dismissing the Adversary Proceeding. Dkt. 21. On May 23, 2024, appellees Leonard Hsu, Jr., Christopher XF Lee, Sunny Acre, LLC, Eric Tran, and Tsasu LLC (collectively, "Appellees") filed their Answering Brief. Dkt. 28.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's November 9, 2023 Order.

///

## II.
## BACKGROUND

### A.    PRIOR BANKRUPTCY ACTIONS AND STATE COURT PROCEEDINGS

Appellant and Reinaldo Gonzalez Suarez created Corp. Realty USA, LLC ("Corp. Realty") to hold a single-family residential property located in Malibu, California (the "Property").  In re: Edgar Augusto Meinhardt Iturbe, Case No. 9:23-bk-10022-RC (Bankr. C.D. Cal. 2023), dkt. 196 at 2.[1] Appellant obtained a loan to purchase the Property on behalf of Corp. Realty.  Id.  Repayment of the loan was secured by a first position deed of trust on the Property, and the original loan was refinanced and transferred to new lenders several times.  Id.

After repeated defaults on the loan – various lenders attempted to foreclose on the Property since at least 2018.  Id.  In response, Appellant obtained new financing and, in his own name or on behalf of Corp. Realty, filed three previous bankruptcy petitions in 2018, 2019, and 2020, in an effort to stop foreclosure of the Property.  Id.  The Bankruptcy Court ultimately dismissed all three bankruptcy petitions upon determining the petitions were filed in bad faith.  Id. at 3.

On March 30, 2020, after Corp. Realty defaulted and the most recent lender sought foreclosure, Appellant and Corp. Realty filed a complaint against the lender in Los Angeles Superior Court, alleging 16 causes of action and seeking a temporary restraining order with respect to the lender's pending foreclosure sale.  Id.  After filing the state court action, Corp. Realty "transferred the Property to Appellant" by quitclaim deed without the lender's knowledge or approval.  Id.

On June 2, 2020, the Los Angeles Superior Court denied Appellant's and Corp. Realty's request for a temporary restraining order.  Id.  On June 3, 2020 – the morning of the lender's scheduled foreclosure sale – Appellant filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("2020 Bankruptcy Case"), which immediately stayed the lender's foreclosure sale.  Id.

The lender subsequently filed a motion for relief from the automatic stay to proceed with the nonjudicial foreclosure of the Property.  Id.  After briefing by both parties and an evidentiary hearing, the Bankruptcy Court determined the lender was entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (4) because (a) the bankruptcy petition was filed in bad faith, (b) the Property was not necessary for reorganization, and (c) the bankruptcy petition was part of Appellant's scheme to hinder, delay, or defraud creditors.  Id.  Thus, on August 12, 2020, the Bankruptcy Court entered an Order dismissing the 2020 Bankruptcy Case.  Id.

Following the grant of the lender's motion for relief, the lender sold the Property at a nonjudicial foreclosure sale to appellee Sunny Acre, and a trustee's deed upon sale was recorded on August 24, 2020.  Id. at 4.  Despite the sale, however, Appellant refused to vacate the Property.  Id.  Consequently, on October 8, 2020, appellee Sunny Acre served Appellant with a 3-day notice to quit the premises.  Id.

---

[1] An appellate court may take judicial notice of underlying bankruptcy records.  See In re E.R. Fegert, Inc., 887 F.2d 955, 958 (9th Cir. 1989).

On October 20, 2020, upon Appellant's refusal to quit the premises, appellee Sunny Acre filed an unlawful detainer action in state court (the "UD Action").  Id.

**B.    2020 SUPERIOR COURT ACTION, 2023 BANKRUPTCY PROCEEDING, 2023 ADVERSARY PROCEEDING, AND 2023 DISTRICT COURT PROCEEDING**

On October 30, 2020, Appellant filed the 2020 Superior Court Action – specifically, a First Amended Complaint ("FAC") in Los Angeles Superior Court arising out of the nonjudicial foreclosure sale of the Property and subsequent Unlawful Detainer Action commenced against Appellant after he failed to vacate the Property.  Adversary Proceeding, dkt. 1 at 11.  The FAC raised several causes of action including, including: (1) Wrongful Foreclosure; (2) Violation of the Real Estate Settlement Procedures Act, (3) Rescission and Damages Under the Truth in Lending Act, (4) Violation of the Home Ownership and Equity Protection Act, (5) Fraud and Deceit; (6) Negligent Misrepresentation; (7) Breach of Contract, and (8) Declaratory Relief.  Id.

On January 11, 2023, Appellant filed a petition for relief pursuant to Chapter 13 of Title 11 of the United States Code ("2023 Bankruptcy").  In re: Iturbe, Case No. 9:23-bk-10022-RC, dkt. 1.

On April 11, 2023, Appellant filed a Notice of Removal, seeking to remove the following four claims in the FAC to Bankruptcy Court: (1) Violation of the Real Estate Settlement Procedures Act, (2) Rescission and Damages Under the Truth in Lending Act, (3) Violation of the Home Ownership and Equity Protection Act, and (4) Declaratory Relief.  Adversary Proceeding, dkt. 1.  Thus, the 2023 Adversary Proceeding was opened.  On May 11, 2023, Appellees filed a Motion for Remand, set for hearing on October 11, 2023.  Adversary Proceeding, dkt. 16.

On July 21, 2023, the Bankruptcy Court dismissed the 2023 Bankruptcy Action finding Appellant's Chapter 13 bankruptcy petition was "a litigation tactic, in an extensive line of litigation tactics employed by [Appellant] regarding the Property and Sunny Acre."  2023 Bankruptcy, dkt. 166.  The Bankruptcy Court concluded, "[g]iven the history of bad faith, the Court further believes that absent a prohibition on refiling, history will only repeat itself" and "there is nothing to prevent [Appellant] from simply filing another case with this Court as a tactic in further litigation regarding the Property."  Id. at 13.

On October 10, 2023, Appellant filed a Motion to Withdraw Reference to the Bankruptcy Court of Adversary Proceeding ("Motion to Withdraw") with this Court.  In re: Edgar Augusto Meinhardt Iturbe, Case No. 2:23-cv-8528-KK (C.D. Cal. 2023) ("2023 District Court Action"),[2] Dkt. 1.

On October 10, 2023, the day before the hearing on the Motion to Remand, Appellant requested a continuance of the hearing "so that the [Motion to Withdraw] filed with [this Court] may be heard . . . ."  Adversary Proceeding, dkt. 33. The Bankruptcy Court continued the hearing to November 8, 2023.  Adversary Proceeding, dkt. 39.  On November 8, 2023, following the hearing, the Bankruptcy Court issued its tentative ruling (1) denying any request for a continuance or stay of the Motion to Remand under Federal Rule of Bankruptcy Procedure 5011(c) ("Rule 5011(c)"); (2)

---

[2] The 2023 District Court Action was originally assigned to United States District Judge Sherilyn Peace Garnett.  Dkts. 1, 18.

declining to exercise jurisdiction over the Adversary Case under 28 U.S.C. § 1452(b); and (3) abstaining from the Adversary Proceedings and remanding the case on equitable grounds under 28 U.S.C. § 1334(c)(2).  Adversary Proceeding, dkts. 41, 44.

On November 9, 2023, the Bankruptcy Court issued the Order remanding and dismissing the Adversary Proceeding.  Adversary Proceeding, dkt. 41.  With respect to Appellant's request for a further continuance, the Bankruptcy Court construed Appellant's request as a motion for a stay of the proceedings under Federal Rule of Bankruptcy Procedure 5011(c).  Id. at 7.  In doing so, the Bankruptcy Court found Appellant failed to meet his burden to establish a stay was warranted.  Id. at 7-8.

With respect to the Bankruptcy Court's decision not to exercise jurisdiction over the Adversary Case under 28 U.S.C. § 1334(c)(1), the Bankruptcy Court considered:

> (1) There is no estate at this juncture, and so abstention does not affect the administration of any estate; (2) the State Court Complaint is dominated by state law issues (i.e., all but three of the sixteen causes of action in the State Court Complaint are solely creatures of state or common law); (3) there is nothing unsettled about the causes of action removed to this Court through the Adversary Case; (4) there is a state court proceeding that was filed more than three years ago; (5) there is no degree of relatedness to the 2023 Bankruptcy Case, because the 2023 Bankruptcy Case has been dismissed; (6) the causes of action removed are not core proceedings; (7) the Adversary Case would be a burden on this Court's docket given the fact that this Court would be presiding over at least pre-trial issues that have no connection to an actual bankruptcy case; (8) the Debtor's history of litigation regarding the Property, including the holdings of state and federal courts related to that litigation, and the Debtor's history in this Court, leads this Court to conclude that the Debtor has engaged in forum shopping; (9) the Debtor has made a demand for a jury trial; and (10) all parties but the Debtor are non-debtor parties, including a co-plaintiff.

Id. at 8-10.

With respect to the Bankruptcy Court's decision to remand the action to State Court under 28 U.S.C. §1452(b), the Bankruptcy Court found (1) "all of the removed causes of action in the Adversary Case are non-core" and instead, related to the 2023 Bankruptcy Case; (2) the 2023 Bankruptcy Case has been dismissed; (3) the State Court has presided over the State Court Action for more than three years, the claims are of within the types of cases typically resolved by state courts, and there is nothing novel about the causes of action; (4) Appellant's removal of the State Court Action was a further attempt by Appellant to forum shop; and (5) the State Court Defendants would be prejudiced by Appellant's "attempt to carve-out parts of the State Court Complaint to have determined by this Court, only to leave litigation over the majority of the causes of action in the State Court Complaint for the State Court to later decide."  Id. at 8-12.

On April 19, 2024, following Appellant's appeal of the 2023 Bankruptcy dismissal, this Court affirmed the Bankruptcy Court's July 21, 2023 Order ("2023 Bankruptcy Appeal"). In Re Edgar Augusto Meinhardt Iturbe, Case No. 2:23-cv-7474-KK (C.D. Cal. 2023), dkt. 32.

**C.    INSTANT APPEAL**

On November 20, 2023, Appellant filed a Notice of Appeal of the Bankruptcy Court's November 9, 2023 Order granting Appellees' motion to remand and dismissing the Adversary Proceeding. Dkt. 1.

On March 11, 2024, Appellant filed his Opening Brief arguing the Bankruptcy Court erred by: (1) entering the Order to Remand and Dismiss the Adversary Proceeding while the Motion to Withdraw the Reference was pending in the 2023 District Court Action; (2) abstaining from the Adversary Proceeding; (3) declining to exercise ancillary jurisdiction over the Adversary Proceeding; and (4) issuing the Order remanding and dismissing before Appellant's time to file objections expired. Dkt. 21.

On May 23, 2024, Appellees filed their Answering Brief. Dkt. 28. On June 18, 2024, Appellant filed a Reply Brief. Dkt. 38. The matter, thus, stands submitted.

## III.
## LEGAL STANDARD

28 U.S.C. § 158 provides, in relevant part, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to [] bankruptcy judges[.]" 28 U.S.C. § 158. Such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Id. § 158(c)(2). "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (internal citation omitted).

A bankruptcy court's decision to stay an action while a motion to withdraw is pending, to decline to exercise jurisdiction over an adversary proceeding after dismissal of the underlying bankruptcy case, and to remand under 28 U.S.C. § 1452(b), is reviewed for an abuse of discretion. See In re City of Detroit, Mich., 498 B.R. 776, 781 (Bankr. E.D. Mich. 2013) (citing In re Chrysler LLC, 2009 WL 7386569, at *1 (Bankr. S.D.N.Y. May 20, 2009)) ("[T]he issue of whether to grant a stay is left to the court's discretion."); In re McCarthy, 230 B.R. 414, 416 (B.A.P. 9th Cir. 1999) ("Decisions to remand under 28 U.S.C. § 1452(b) are committed to the sound discretion of the bankruptcy judge and are reviewed for abuse of discretion."); In re Zegzula, No. AP 14-04005-BDL, 2015 WL 5786572, at *2 (B.A.P. 9th Cir. Oct. 2, 2015) ("We review the bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding for an abuse of discretion."). With respect to application of Local Bankruptcy Rules, a bankruptcy court's compliance with local rules is reviewed for abuse of discretion. In re Johnson, No. BAP CC-14-1169, 2014 WL 6953306, at *3 (B.A.P. 9th Cir. Dec. 9, 2014) ("We review a bankruptcy court's compliance with local rules for abuse of discretion.").

"A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record." In re Zegzula, 2015 WL 5786572, at *2. The reviewing district court "may affirm on any ground fairly supported by the record." In re Jimenez, 613 B.R. 537, 543 (B.A.P. 9th Cir. 2020) (citing In re Leavitt, 171 F.3d 1219, 1223 (9th Cir. 1999)).

## IV.
## DISCUSSION

### A.  THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DENYING A REQUEST TO CONTINUE WHILE THE MOTION TO WITHDRAW WAS PENDING

#### 1.  Applicable Law

Under Federal Rule of Bankruptcy Procedure 5011(c), a motion to withdraw a case or proceeding under 28 U.S.C. § 157(d), "does not stay proceedings in a case or affect its administration." However, "a bankruptcy judge may, on proper terms and conditions, stay a proceeding until the motion is decided." Fed. R. Bankr. P. 5011(c). See also In re Viola, 2011 WL 4831200, *1 (N.D. Cal. 2011) ("Under the Federal Rule of Bankruptcy Procedure 5011(c), filing a withdrawal of reference does not stay the bankruptcy proceedings, unless the bankruptcy court or district court orders it stayed.").

"The moving party has the burden 'to establish that a stay under the circumstances would be appropriate.'" In re Matterhorn Grp., Inc., No. 2:10-CV-02849-GEB, 2010 WL 4628119, at *2 (E.D. Cal. Nov. 5, 2010) (quoting In re The Antioch Co., 435 B.R. 493, 496 (Bankr. S.D. Ohio 2010)). "[A] stay should be granted only if the moving party can show (1) the likelihood that the pending motion to withdraw will be granted (i.e. likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the non-movants will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay." Id. (quoting In re The Antioch Co., 435 B.R. at 497).

#### 2.  Analysis

Here, the Bankruptcy Court did not abuse its discretion in declining to stay the proceedings while the Motion to Withdraw was pending in the 2023 District Court Action. First, the Bankruptcy Court noted Appellant failed to provide any analysis or reasons justifying a stay, and thus, failed to meet his burden to establish a stay. Adversary Proceeding, dkt. 41 at 7-8. Notably, Appellant does not provide any arguments in either his Opening or Reply brief to explain why a stay was necessary. See dkts. 21, 38.

Second, the Bankruptcy Court appropriately considered and applied the four factors required to warrant a stay. Specifically, the Bankruptcy Court found Appellant failed to provide a "strong showing" that Appellant was likely to succeed on the merits of the proceeding – noting that the 2023 Bankruptcy Proceeding had been dismissed and Appellant had already been evicted from the Property. Adversary Proceeding, dkt. 41 at 7-8. Additionally, the Bankruptcy Court found Appellant provided no evidence that Appellant would suffer irreparable harm absent a stay. Id. The

Bankruptcy Court did note, however, that granting a stay would delay the state court proceedings – thereby harming all parties involved in the state court action.  Id.  Lastly, the Bankruptcy Court determined the public interest weighed in favor of resolving matters expeditiously.  Id.

Accordingly, the Bankruptcy Court did not abuse its discretion in denying a stay or further continuance pending resolution of the Motion to Withdraw.

**B.    THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DECLINING TO EXERCISE JURISDICTION OVER THE ADVERSARY PROCEEDINGS**

   **1.    Applicable Law**

"[B]ankruptcy courts may retain jurisdiction of an adversary proceeding when appropriate." In re Fuentes, No. AP 22-05018, 2023 WL 1466600, at *2 (B.A.P. 9th Cir. Feb. 2, 2023).  In determining whether to exercise discretion to retain jurisdiction, the bankruptcy court must consider four factors: "[judicial] economy, convenience, fairness[,] and comity."  In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992)

   **2.    Analysis**

Here, the Bankruptcy Court did not abuse it discretion in declining to continue to exercise jurisdiction over the Adversary Proceeding after the 2023 Bankruptcy action was dismissed.  In exercising its discretion, the Bankruptcy Court considered all four factors – economy, convenience, fairness, and comity.  In re Carraher, 971 F.2d at 328.  With respect to judicial economy, the Bankruptcy Court noted the action had been proceeding in state court for nearly three years and was close to trial.  Adversary Proceeding, dkt. 41 at 9.  Thus, the Bankruptcy Court reasonably concluded that requiring the parties to litigate only some of the claims in a new federal proceeding made little judicial economic sense, nor would it be fair to the parties.  Id.  With respect to convenience and fairness, the Bankruptcy Court observed a majority of the parties and the 2020 Superior Court Action were located in Los Angeles – a substantial distance from where the Bankruptcy Court is located (in Santa Barbara).  Id.  Lastly, with respect to comity, the Court noted a majority of the claims in the FAC (13 out of 16) are state claims, and none have any relation to the 2023 Bankruptcy action, since the 2023 Bankruptcy action was previously dismissed.  Id.

Accordingly, the Bankruptcy Court did not abuse its discretion in declining to exercise jurisdiction over the Adversary Proceeding.

**C.    THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN REMANDING THE ADVERSARY PROCEEDING ON EQUITABLE GROUNDS**

   **1.    Applicable Law**

Under 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  The "'any equitable ground' remand standard is an unusually broad grant of authority."  In re McCarthy, 230 B.R. 414, 417

(B.A.P. 9th Cir. 1999). In the Ninth Circuit, courts consider the following factors in determining whether to remand a case on equitable grounds:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 311 (C.D. Cal. 2010) (citing In re Enron Corp., 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)). "[A]ny one of the relevant factors may provide a sufficient basis for equitable remand." Id.

### 2. Analysis

Here, the Bankruptcy Court did not abuse its discretion in remanding the case on equitable grounds because several of the recognized factors support remand. Stichting Pensioenfonds ABP, 447 B.R. at 311. For example, each of the following facts weigh in favor of remand: the absence of an estate due to the dismissal of the 2023 Bankruptcy, the predominance of legally non-complex state law claims in the FAC, the evidence in Appellant's long-history of litigation that strongly suggests forum shopping, the burden on the Bankruptcy Court's docket to manage a proceeding where the related bankruptcy proceeding has been closed and the state law claims predominate, and the prejudice to Appellees of having to litigate different claims in two different courts. Adversary Proceeding, dkt. 41 at 9-12. Considering all of these facts and the "unusually broad grant of authority" under an equitable remand, the Bankruptcy Court did not abuse its discretion in remanding the Adversary Proceeding. In re McCarthy, 230 B.R. at 417.

### D. THE BANKRUPTCY COURT DID NOT ERR BY ENTERING A REMAND ORDER BEFORE WAITING SEVEN DAYS FOR OBJECTIONS

#### 1. Applicable Law

Under Local Bankruptcy Rule 9021-1(b)(3) ("Rule 9021-1(b)(3)"), "[u]nless the court otherwise directs, a proposed order will not be signed by the judge unless . . . the time for objection to a form of order properly served has expired under subsection (b)(3)(B) of this rule[,]" which requires notice be provided to the Court within 2 days of the intent to object. "The Local Bankruptcy Rules are rules that govern those who appear before the bankruptcy court." In re

Johnson, No. BAP CC-14-1169, 2014 WL 6953306, at *4 (B.A.P. 9th Cir. Dec. 9, 2014). The Rules "are not intended to limit the discretion of the Court." L.B.R. 1001-1(d). "The court may waive the application of any Local Bankruptcy Rule in any case or proceeding, or make additional orders as it deems appropriate, in the interest of justice." Id.

    **2.**     **Analysis**

Here, under Local Bankruptcy Rule 1001-1(d), the Bankruptcy Court acted within its discretion to issue the Order before the two days allotted for notice of objections expired. Moreover, even assuming the Bankruptcy Court procedurally erred, this error does not amount to a procedural due process violation. Procedural due process requires notice and an opportunity to be heard. In re Tennant, 318 B.R. 860, 870 (B.A.P. 9th Cir. 2004). Appellant was given sufficient notice to oppose the motion to remand – the motion to remand was filed on May 11, 2023, and Appellant filed a 28-page opposition almost two months later. Adversary Proceeding, dkts. 16, 20. In addition to the briefing, the Bankruptcy Court held a hearing to consider the motion to remand. Dkt. 39. Notably, Appellant does not argue the Bankruptcy Court failed to consider any of Appellant's arguments in its Order. In re Malek, 591 B.R. 420, 428 (Bankr. N.D. Cal. 2018) (holding a violation of the rules does not "in and of itself" amount to a violation of due process, "where a party has been given a meaningful opportunity to be heard and the court thoroughly considered the arguments presented") (internal quotation marks and citation omitted). Hence, any error was harmless. In re Mbunda, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012), aff'd, 604 F. App'x 552 (9th Cir. 2015) ("Genearlly speaking, [reviewing courts] ignore harmless error."); In re Garvida, 347 B.R. 697, 704 (B.A.P. 9th Cir. 2006) ("[W]e do not reverse for reasons that do not affect the substantial rights of parties.").

Accordingly, the Bankruptcy Court did not abuse its discretion or violate Appellant's procedural due process rights when it issued the Order remanding and dismissing before the two days permitted for objections under Rule 9021-1(b)(3).

**V.**
**CONCLUSION**

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's November 9, 2023 Order. (JS-6).

    **IT IS SO ORDERED.**